[File No. 6721.]

GEORGE C. VAAGEN et al., Appellants, v. PETER P. JUDT, as County Auditor of Dunn County, North Dakota, a Public Corporation, et al., Respondents,

and

THE STATE OF NORTH DAKOTA, Doing Business as the Bank of North Dakota, Intervener and Respondent.

(296 N. W. 519.)

Opinion filed February 11, 1941.

*Simpson, Mackoff & Kellogg,* for appellants.

*C. F. Kelsch,* Assistant Attorney General, and *H. L. Malloy,* State's Attorney, for respondents.

*Robert Birdzell,* for intervener and respondent.

MORRIS, J. This is a proceeding instituted by thirty-five petitioners to secure relief from alleged excessive tax assessments. A petition was filed pursuant to the provisions of chapter 225, N. D. Session Laws 1939 with the board of county commissioners of Dunn county, North Dakota. From the denial of the petition, the petitioners appealed to the district court where the action of the county board was upheld and the petition again denied.

The court found that the petitioners established by a fair preponderance of the evidence that the values of their property were 40 to 50 per cent less than the assessed valuations, but did not prove that their property was assessed higher than the like property in the same taxing

district, and also failed to prove any substantial discrimination between values placed upon their land for purposes of taxation and values placed upon other properties of taxpayers similarly situated within the same taxing district. The court then reached the conclusion "That chapter 225 of the 1939 Session Laws, in so far as it authorizes the reduction or abatement of valuations and tax charges based thereon as the same have been fixed by the assessors and equalized by the county and state boards of equalization, without proof that such valuations and taxes are substantially discriminatory, is unconstitutional and void in that it violates the uniformity and equality clause contained in § 176 of the state Constitution."

The trial court was further of the opinion that the law in question does provide a remedy in exceptional cases where property has been assessed for an amount in excess of other like property in the county. The petitioners showed no discrimination against them, but having only shown that their property has been assessed for substantially more than its true value, were denied relief in accordance with the trial court's construction of the statute.

The identical questions presented in this case were decided by us in Werner v. Riebe, ante, 533, 296 N. W. 422. This case is controlled by that decision, in which we held that the statute afforded relief against assessments made substantially in excess of the true value without it being shown that the overassessments were discriminatory. We also held that the act as thus construed did not violate the equality and uniformity provisions of § 176 of the North Dakota Constitution. Upon the authority of that decision, the judgment in this case is reversed and the cause is remanded for further proceedings conformable to law.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.